Dear Chief Landry:
You advise this office that the current fire department representative of the Donaldsonville Fire and Police Civil Service Board does not reside within the municipality or parish and thus does not meet the requirements of law to hold the position. Because a vacancy is created by this occurrence, an election will be held to fill the vacancy for the remainder of the term. Unfortunately, you advise there are no nominees available who are willing to serve and who meet the requirements of law. You request our assistance in resolving the matter.
The municipal fire and civil service board is created by R.S. 33:2536(A), which provides:
 A. A fire and police civil service board is hereby created in the municipal, parish, or fire protection district which shall be composed of five members who shall serve without compensation. This board shall have a chairman, vice-chairman and a secretary. The domicile of the board shall be within the area it serves.
Representatives from the fire and police department are elected by the employees of each department at an election called for that purpose. R.S. 33:2536(C)(3) provides:
 (3) Two members shall be appointed who shall be first nominated and elected by and from the regular employees of the fire and police department as follows: One member shall be elected and appointed from the fire department, and one member shall be elected and appointed from the police department. The employee-nominee from each department shall be elected by secret ballot of the regular employees of his respective department at an election to be called and held for that purpose by the chief of the department. The chief of each department shall call such an election within forty-five days after this Section takes effect in the area affected by posting, for a fifteen day continuous period immediately preceding the election, a notice thereof on the bulletin board of each station house of his department; and, shall officially notify the governing body of the area affected within the ten day period immediately following the election, the name of the employee- nominee so elected by the regular employees of his department. The chief of the department shall vote in the election only in the case of a tie vote.
To be eligible to serve, the nominees from the police and fire departments must be residents of the parish for a period of five years preceding their appointment. R.S. 33:2536(B)(1) states:
 B. (1)(a) To be eligible for appointment or to serve as a member of a board, a person shall be a citizen of the United States of America, a resident of the area for which fire or police protection is provided for at least five years next preceding his appointment, and at the time of his appointment a qualified voter of the area.
 (b) However, with respect to the two members elected by and from the fire and the police departments as provided in R.S. 33:2536(C)(3), such members shall have been residents of the parish in which the area they are to serve is located for a period of at least five years preceding their appointment, provided such residence requirement is approved by resolution of the local governing authority.
A vacancy in office is created in an elective office when the person elected no longer meets the residence or domicile requirements of that office. R.S. 18:581 provides:
 (1) A "vacancy" occurs in an elective office when the office is or will be unoccupied by reason of the death of the official who was elected to the office, or by reason of his retirement or resignation, removal from office by any means, failure to take office for any reason, or when it becomes certain that the person elected to the office will not take the office on the day when the term for which he was elected commences, or when the person elected to or holding the office not longer meets the residence or domicile requirements of that office, any declaration of retention of domicile to the contrary notwithstanding.
 (2) "Local governmental subdivision" means a parish or municipality.
 (3) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions.
When a vacancy occurs as in the instant matter, the fire protection district must "appoint a successor in the same manner as the outgoing member was appointed." See R.S. 33:3526(E).
However, pending the election of the new fire department representative, the outgoing member must continue to serve. R.S. 42:2
states:
 § 2. Public officer to hold office until successor inducted.
 Every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office.
The fire department representative who no longer meets the residency requirements is nonetheless required to continue to serve until his successor is elected. In accord is Attorney General Opinion 02-0053A, copy attached. Although this fire department representative does not meet the residency requirements, he should continue to function as a "de facto" officer until his successor is elected. In accord is Attorney General Opinion 79-744A, copy attached.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: February 21, 2003
OPINION NUMBER 02-0053(A)
April 5, 2002
90-A POLITICAL SUBDIVISIONS — Officers, Agents Employees 172-A WATER DISTRICTS — See Political Subdivisions
The appointing authority, be it the police jury or the municipal governing authority, has full discretion in filling a board member vacancy for a waterworks commission. A vacancy can be declared when a member no longer meets the qualifications to serve, and the members serve at the pleasure of the appointing authority.
Mr. Henry M. Templet Waterworks District Board, General Manager 4633 Highway 1 P. O. Drawer 575 Napoleonville, Louisiana 70390
Dear Mr. Templet:
We are writing to make a correction to our previous opinion, Number 02-0053, wherein you inquired about the responsibility and obligation of the appointing authority to the Assumption Waterworks District Board when appointing a replacement member.
While La.R.S. 33:3813 answers your question, we mistakenly opined that the board, rather than the appointing authority, has discretion to fill the vacancy. Thus, we correct our previous opinion and conclude that the appointing authority of that position, be it the police jury or the municipal governing authority, has full discretion in filling the vacancy on the board. Further, we opine that the filling of the vacancy should be done in a reasonable amount of time, since no specific time is set forth by law.
You further requested by telephone an opinion on the following issue:
 If a board member moves outside the ward or parish from which he is appointed, is a vacancy automatically created?
R.S. 33:3812 provides for the qualifications of waterworks commissioners as follows:
 B. The members of the board shall be known as waterworks commissioners. Each shall be a resident of and assessed with not less than five hundred dollars worth of real estate in the district. A commissioner may be the representative of a corporation domiciled in the district and owning lands in the district of an assessed value of not less than five thousand dollars
Additionally, R.S. 33:3813(C)(3) provides specifically for the appointment and terms of the members of the Assumption Parish Waterworks District as follows:
 (3) Notwithstanding the provisions of Paragraph (1) of this Subsection, the board of commissioners of Assumption Parish Waterworks District shall consist of eleven members. One member shall be appointed by the parish governing authority for each of the nine wards in the parish and two members shall be appointed by the governing authority of the municipality located within the parish.
Clearly there is a statutory requirement in R.S. 33:3812 for all members of a waterworks commission to be a resident of the district to be qualified to serve. Whether or not the members of the Assumption Parish Waterworks District also have to be a resident of the ward they are appointed for is unclear.
We have opined in the past that a member of a board who no longer meets the residency requirement of the position creates a vacancy in that position, but is required to continue to serve until a successor is appointed. Atty.Gen.Op. No. 97-54.
It is important to note that R.S. 33:3813(B) provides that "[a]ll commissioners shall serve at the pleasure of the authority which appointed them." Thus, it is our opinion that if a member of a waterworks commission moves outside of the district, he no longer meets the qualifications of that office. However, a vacancy is not automatically created in such a situation, but the appointing authority can declare a vacancy and make a new appointment because of the matter. Furthermore, because the commissioners serve at the pleasure of the appointing authority, the appointing authority can remove a member and make a new appointment for a reason, such as the member no longer meeting the qualifications of office, or for no reason at all.
We hope this opinion sufficiently clarifies our previous opinion and answers your question herein. If you have any further questions, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ___________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL/VLC;mjb
Date Released: April 5, 2002
OPINION NUMBER 79-744-A
July 23, 1979
77 . . . OFFICERS — Local municipal; selection qualifications tenure; vacancies
A person appointed to fill a position on the Board of Aldermen of a Lawrason Act municipality, though he did not strictly meet the qualifications required for that office, may continue to function as a de facto officer in that position after taking his oath of office.
Mr. Philip G. Hunter Town Attorney Town of Colfax Post Office Box 298 Colfax, Louisiana 71417
Dear Mr. Hunter:
In Opinion Number 79-744 we advised you that any person appointed to fill a vacancy in the position of alderman of a Lawrason Act municipality must have been a resident of the parish for two years.
By letter dated July 11, 1979, you ask this additional question:
 "Is the appointment of a person to the position of Alderman null and void if the person appointed has not been a resident for two years of the parish in which the municipality is situated?
 What affect, if any, would follow from participation of said alderman in a Town Council meeting where the presence of said Alderman was not necessary for a quorum?"
It is obvious from a reading of R.S. 18:602, R.S. 33:384 and R.S. 33:385
that the person appointed to fill the vacancy in the position of alderman should have been a resident of the parish for two years. (See Opinion Number 79-744) However, the failure of the governing authority to follow this mandatory provision does not automatically make the appointment null and void. We find analogous the situation presented in the case of Williamson v. Village of Baskin, 339 So.2d 474, wherein the town marshal moved outside the corporate limits of the village after his election.
Though he no longer met the residency requirements, the Court stated his position was not automatically vacated but that the governing authority or a Court could declare the office vacant and proceed to fill it.
We believe this line of reasoning to be sound. Therefore, it is the opinion of this office that the alderman appointed by the governing authority of the Town of Colfax, though he did not meet the residency requirements for that position, took the oath of office and has functioned as a de facto member of the Colfax Board of Aldermen. We believe that his actions as an alderman must be presumed valid and that absent an effective challenge or action by the Board, he should continue to function as an alderman. It is hoped this opinion has answered your questions. If we can be of further assistance, please contact us.
Sincerely,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL STATE OF LOUISIANA
 BY: ___________________________ TOMMY D. TEAGUE STAFF ATTORNEY
TDT:dna